UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-01803 SEP |
| | ) | |
| HILLSBORO POLICE DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Joseph Michael Devon Engel (registration no. 1069055), an inmate at Missouri Eastern Correctional Center (MECC), brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  Doc. [3].  Having reviewed the motion and the supporting financial information, the Court finds that Plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00.  *See* 28 U.S.C. § 1915(b)(1).  In addition, having reviewed the complaint, the Court will dismiss this case without prejudice for failure to state a claim upon which relief may be granted and for being frivolous and malicious.  *See* 28 U.S.C. § 1915(e)(2)(B).

### INITIAL PARTIAL FILING FEE

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

1

Plaintiff states that he is unable to pay the costs associated with case filing.  Doc. [3].
Plaintiff has not submitted a prison account statement, but his motion indicates that he earns
$5.00 a month.  *Id.*  Based on the financial information Plaintiff has submitted, the Court will
assess an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir.
1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account
statement, the Court should assess an amount "that is reasonable, based on whatever information
the court has about the prisoner's finances").  Any claim that Plaintiff is unable to pay $1.00
must be supported by a certified copy of his inmate account statement that details his inmate
account for the six-month period immediately preceding the filing of the complaint.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), a court must dismiss a complaint filed *in forma pauperis* if
the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or
seeks monetary relief against a defendant who is immune from such relief.  When reviewing a
complaint filed by a self-represented person under 28 U.S.C. § 1915, the court accepts the well-
pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the
complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520
(1972).  "Liberal construction" means that "if the essence of an allegation is discernible . . . then
the district court should construe the complaint in a way that permits the layperson's claim to be
considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir.
2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.).  Even self-represented plaintiffs are
required to allege "facts, which if true, state a claim as a matter of law."  *Martin v. Aubuchon*,
623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (declining to supply
facts or construct a legal theory for a self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and
"[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere
conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must
demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."
*Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is liable for the misconduct
alleged."  *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327). Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328).  "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken with the intent to harass or if it is part of a longstanding pattern of abusive and repetitious lawsuits.  *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam); *see also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court may consider the plaintiff's other litigious conduct).

## BACKGROUND

Plaintiff, a prisoner, is a frequent filer in the United States District Court for the Eastern District of Missouri over the last few months, having initiated over 130 civil actions.  As of December 21, 2020, at least three of Plaintiff's civil actions had been dismissed for reasons enumerated in 28 U.S.C. § 1915(e).  *See Engel v. Gov. of Missouri*, No. 1:20-cv-217-HEA (E.D. Mo. dismissed Dec. 15, 2020); *Engel v. United States*, No. 4:20-cv-1742-MTS (E.D. Mo. dismissed Dec. 18, 2020); *Engel v. Missouri Cts.*, No. 4:20-cv-1258-SPM (E.D. Mo. dismissed Dec. 21, 2020).  Therefore, for cases filed December 22, 2020, and after, Plaintiff is subject to the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed *in forma pauperis*, or without prepayment of fees and costs.  This case was filed around December 17, 2020, before he received his third 28 U.S.C. § 1915(e)(2)(B) dismissal.

### THE COMPLAINT

Plaintiff, who is currently incarcerated at MECC,[1] seeks relief under 42 U.S.C. § 1983 against 53[2] defendants in their official capacities only.[3]  Doc. [1].  The named defendants include:  fifteen local police departments and two of their police chiefs; five non-governmental medical facilities and two state-contracted health service providers; seven State of Missouri legislators and attorneys; thirteen local mayors; three local municipality parole offices; two local sheriffs; three Missouri agencies (including the Missouri Department of Corrections (MODOC)); the MODOC Director; Plaintiff's prior place of incarceration (ERDCC); and what appears to be a pharmaceutical company.  *Id.* at 1, 3-10.

Plaintiff, who describes himself as a sovereign citizen, prepared his handwritten complaint on ten sheets of notebook paper.  His "Statement of Claim" is as follows:

> At one point in time I have Been stopped and or [harassed] By these Police For[c]es or charged or tak[en] to Jail.  I am a Sourvin Citiz[e]n of Alas[]ka[—]they have no Right.  And some of them has sent me to prison and let people go to prison under my name.
> . . .
> Refuse To Treatment medical or poor treatment[.]  I am a Sourvin Citizen, and Company that gives meds for prisoners.

*Id.* at 1-2.  Plaintiff states that he has suffered the following injuries: "Freedom, Mentally, Physically, Sourvin Citizen, Rights to my Kids, Medical Treatment Refus[al]."  *Id.* at 2.  Plaintiff requests 1,195 trillion dollars and eight "top of the line" vehicles as relief.  *Id.*

### DISCUSSION

Having considered the instant complaint, as well as Plaintiff's recent history of engaging in abusive litigation practices, the Court finds this case subject to dismissal under 28 U.S.C.

---

[1] When Plaintiff filed his complaint in this matter, he was incarcerated at Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri.  He has since been transferred to MECC.

[2] Plaintiff's complaint numbers defendants up to 57, but it skips numbers 49 and 50 and lists two defendants twice.  Doc. [1] at 9-10; 8-9 (listing "Pevely Mayor'" as defendants 33 and 42 and listing "Kirkwood Mayor" as defendants 39 and 43).

[3] For "Defendant 27," "Asst ATT General," Plaintiff does not specific the capacity in which he brings suit.  Doc. [1] at 7.  When a complaint is silent about the capacity in which a defendant is being sued, it is assumed to include only official capacity claims.  *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007); *see also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity").

§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and for being frivolous and malicious.

As an initial matter, the Court notes that Plaintiff's alleged status as a sovereign citizen of Alaska does not excuse him from meeting basic pleading requirements or satisfying the standard of 28 U.S.C. § 1915(e)(2). Such "sovereignty" claims are meritless and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (characterizing as frivolous an appeal in tax case challenging government's jurisdiction over "sovereign citizen"); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (collecting cases rejecting claims of individual sovereignty including claims of a "sovereign citizen" or a "secured-party creditor").

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple, concise, and direct manner. *See* Fed. R. Civ. P. 8, 10. Even self-represented litigants are obliged to abide by these Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Nowhere in the complaint does Plaintiff set forth a short and plain statement of what entitles him to relief, as required by Rule 8.

In addition, Plaintiff cannot assert claims against different defendants relating to events arising out of different occurrences in a single lawsuit. *See* Fed. R. Civ. P. 20(a)(2).[4] In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits . . . [in part] to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Plaintiff alleges that each defendant "stopped," "harassed," "charged," or took him to jail at one point in his life. Doc. [1] at 1. Those claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Because Plaintiff fails to allege how

---

[4] Federal Rule of Civil Procedure 20(a)(2) governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

defendants violated his rights on those separate occasion, there is no discernible common question of law or fact.  Thus, the complaint does not comply with federal pleading rules.

Plaintiff also does not mention any Defendant by name in his "Statement of Claim."  *See* Doc. [1] at 1-2.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (stating that to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Plaintiff provides no evidence that any of the 53 named defendants were personally involved in or directly responsible for any alleged constitutional violation.  Plaintiff does not connect any named defendant with any specific allegation, and he does not allege, with any specificity, that the defendants did anything to violate Plaintiff's rights.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).  Plaintiff's allegations are not enough to state a claim for § 1983 liability.

Liberally construing the complaint, the only possible claim the Court can discern is that Plaintiff has not received adequate medical care while incarcerated.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978).  One such right is the Eighth Amendment's prohibition on cruel and unusual punishment, which protects prisoners from deliberate indifference to serious medical needs.  *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012).  To prevail on a deliberate indifference claim, a prisoner plaintiff must demonstrate that he suffered from an objectively serious medical need and that the defendants actually knew of and disregarded that need.  *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Interpreted as a deliberate indifference to medical care claim, Plaintiff's allegations are wholly conclusory.  Plaintiff does not name any objectively serious medical need from which he

6

suffers.  Plaintiff does not provide factual allegations that any of the defendants knew of any serious medical need and disregarded it.  Plaintiff does not describe a situation in which he was denied requested medical care.  He does not provide details of visits to medical care providers or specify which medical professionals saw him.  Plaintiff's allegations of denial of medical treatment are merely conclusory statements without any factual support.

Further, even if Plaintiff had stated a cognizable claim, the Court notes that many of the named defendants are not suable under § 1983.  The defendant police departments and sheriff offices are subdivisions of their respective counties and are not suable entities.[5]  *Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) ("departments or subdivisions" of local government are not "juridical entities suable as such"); s*ee also Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ( "county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cnty. Jail*, 18 Fed. App'x. 436, 437 (8th Cir. 2001) (affirming dismissal of county jail and sheriff's department as parties because they are not suable entities).

Similarly, the State and officials of the State[6] are not suable, because they are not "persons" under § 1983.  "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights."  *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Off. of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) ("[§] 1983 provides a cause of action against persons only").  "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983").

Furthermore, private party defendants[7] are not state actors and therefore cannot be held liable under § 1983.  The essential elements of a constitutional claim under § 1983 are that the

---

[5] This includes the Hillsboro, Jefferson County, Desoto, Festus, Crystal City, Arnold, Manchester, Ellisville, Hazelwood, Kirkwood, Pevely, St. Louis City, St. Louis County, Belleville, and Bryness Mill police departments, Doc. [1] at 1, 3-5, as well as the St. Louis County Sheriff Office, Jefferson County Sheriff Office, St. Louis City Parole Office, and St. Louis County Parole Office, *id.* at 10.

[6] This includes MODOC, MODOC Director, Missouri Probation and Parole, and Missouri DMV.  Doc. [1] at 6, 9.

[7] This includes Mercy Hospital Festus ER, St. Claire Hospital, St. Anthony's Hospital, St. Anthony Urgent Care, Mercy Health Care Provider, and Phara Corrx.  Doc. [1] at 5-6, 9.

defendant acted under color of state law and that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (§ 1983 secures constitutional rights from government infringement, not infringement by private parties).

This action is also subject to dismissal as factually frivolous because Plaintiff's allegations lack an arguable basis in either law or in fact. In the complaint, Plaintiff alleges he is entitled to recover trillions of dollars in damages from 53 individuals and entities for a claim that utterly lacks factual support. Such demands and allegations rise to the level of "the irrational" or "wholly incredible"; thus, Plaintiff's allegations and requested relief are "clearly baseless." *Denton*, 504 U.S. at 31, 33.

And finally, this action is subject to dismissal as malicious. In a short period of time, Plaintiff has submitted to this Court an astonishing number of civil complaints, all composed in roughly the same factually unsupported and disjointed manner against essentially the same governmental entities or employees of those entities. Plaintiff submits the pleadings in bulk and specifies that he intends each set of pleadings to be docketed as an individual civil action. The Court has received multiple envelopes containing more than ten cases from Plaintiff. The nature of the pleadings and Plaintiff's claims for damages are roughly the same as those in the instant action. Thus, it appears that this action is part of an attempt to harass defendants by bringing repetitious lawsuits, rather than a legitimate attempt to vindicate a cognizable right. *See Tyler*, 839 F.2d at 1292-93 (an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-64 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right).

Having considered the complaint and Plaintiff's recent history of abusive litigation practices, the Court finds that it would be futile to permit Plaintiff leave to file an amended complaint. The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. [3]) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted and for being frivolous and malicious.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. [2]) is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of April, 2021.

_Sarah E. Pitlyk_

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE